USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 2/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WILSON FERRER,

                                                 Plaintiff,                                    7:20-cv-3428-VR

                            -against-                                  **OPINION & ORDER**

COMMISIONER OF SOCIAL SECURITY,

                                             Defendant.
-----------------------------------------------------------------X

       Currently before the Court is a motion for attorney's fees brought by counsel for Plaintiff Wilson Ferrer, pursuant to 42 U.S.C. § 406(b). ECF No. 22. For the reasons set forth below, Plaintiff counsel's motion is GRANTED.

## BACKGROUND

       On February 1, 2017, Plaintiff filed applications for Social Security Disability benefits and Supplemental Security Income benefits alleging an onset of disability of December 1, 2015. ECF No. 22-4 at 1.[1] ALJ Armstrong found Plaintiff not disabled on March 8, 2019. *Id.* Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on March 12, 2020. *Id.* Plaintiff commenced this action by filing a complaint in the Southern District of New York on May 1, 2020. *Id* at 2. Defendant filed the Social Security Administration's (SSA) administrative record on November 6, 2020. *Id*. Shortly thereafter, the parties agreed to remand the case to the SSA for further proceedings, and on January 7, 2021, Judge Paul E. Davison remanded the case for further administrative proceedings and judgment was entered. *Id.* Then

---

[1] All page numbers refer to the blue ECF page numbers stamped on the top of each page filed with the Court.

on January 14, 2021, Judge Davison awarded $4,332.59 of attorney's fees pursuant to the Equal Access to Justice Act (EAJA).[2]  ECF No. 21.

On remand, ALJ Walters held a second hearing on August 4, 2022.  ECF No. 22-4 at 2.  On October 5, 2022, ALJ Walters found Plaintiff disabled since July 18, 2016.  *Id.*  In a Notice of Award (NOA) dated August 29, 2023, the SSA noted that $12,559.50 – approximately 25% of Plaintiff's past due benefits – is being withheld from Plaintiff for attorney's fees.  ECF No. 22-5 at 10.

Plaintiff signed a retainer agreement providing that if Plaintiff's case is remanded by the United States District Court to the SSA and, upon remand Plaintiff is awarded past due benefits, then Plaintiff will pay his counsel up to 25% of past due benefits.  ECF No. 22-5 at 2.  On September 11, 2023, Plaintiff's counsel filed a motion for attorney's fees requesting $12,559.50, which amounts to approximately 25% of Plaintiff's past due benefits.  ECF No. 22.  Counsel acknowledges that if he is awarded $12,559.50 in fees pursuant to 42 U.S.C. § 406(b), then Plaintiff is entitled to a $4,332.59 refund for the EAJA fees that were previously awarded.  ECF No. 22-3 at 4-5.  Defendant "neither supports nor opposes counsel's request for attorney's fees in the amount of $12,559.50, under 42 U.S.C. § 406(b)."  ECF No. 25 at 1.

## DISCUSSION

### I.   Legal Standard

Three statutes authorize attorney's fees in social security actions: 42 U.S.C. § 406(a) governs fees for representation in administrative proceedings; 42 U.S.C. § 406(b) controls fees for representation in federal court; and the EAJA provides additional fees if the Commissioner's

---

[2] Under EAJA, a party prevailing against the government may receive fees if the government's position was not "substantially justified."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). However, if fees are also awarded pursuant to 42 U.S.C. 406(b), then Plaintiff's attorney must refund to Plaintiff the smaller of the two fees.  *Id.*

position was not "substantially justified." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794-96 (2002). Pursuant to § 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled...." 42 U.S.C. § 406(b)(1)(A). Where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, which should be enforced so long as it is reasonable. *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021) (citing *Wells*, 907 F.2d at 371).

**II.     Analysis**

    **A.  Timeliness of Fee Application**

Under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an attorney's fee application under § 406(b) must be filed within fourteen days after entry of judgment. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). But that fourteen-day filing period may be equitably tolled when such motions must await the Commissioner's calculation of benefits following remand. *Id.* at 85, 91. In that circumstance, the fourteen-day period starts to run when the claimant receives notice of the benefits calculation, otherwise known as the Notice of Award (NOA). *Id.* at 85, 91. Here, Plaintiff's motion was filed on September 11, 2023, thirteen days

3

after the date of the NOA, August 29, 2023. ECF No. 22-5 at 8. Notably, Defendant does not contest the timeliness of Plaintiff counsel's application. ECF No. 25.

### B. Reasonableness of Fee Award

To assess the reasonableness of a contingency fee award, the Second Circuit in *Wells* instructed courts to determine: (1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in making the agreement; and (3) whether the fee amount is so large that it constitutes a windfall to the attorney. *Wells*, 907 F.2d at 372; *see also Fields*, 24 F.4th at 853. In *Gisbrecht v. Barnhart*, the Supreme Court provided additional "reasonableness" factors for courts to consider: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay," lest the attorney profit from the accumulation of benefits during a delay that the attorney caused, and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case," the so-called windfall factor also cited in *Wells*. *Gisbrecht*, 535 U.S. 789, 808 (2002) (internal citations omitted).

Here, the *Wells* factors weigh in favor of approving the requested attorney's fees. First, counsel's requested fee does not exceed the 25% cap. ECF No. 22-3 at 4. Second, there is no evidence of fraud or overreaching by Plaintiff's counsel.

Third, the requested fee does not constitute a windfall. Plaintiff's counsel seeks an award of attorney's fees in the amount of $12,559.50 for 20.6 hours of work (19.10 hours + 1.50 hours = 20.6 hours). ECF No. 22-4 at 2-3. This amounts to an hourly rate of $609.68. In determining whether a windfall renders a fee in a particular case unreasonable, the Second Circuit instructed courts to look beyond the *de facto* hourly rate. Instead, courts must assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the

case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.  A relatively high hourly rate may be perfectly reasonable in the context of a given case, where experienced lawyers were "particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Id.* at 854.

Here, Plaintiff's attorneys Daniel Jones and Charles Binder are experienced practitioners in Social Security law who focus their practice on Social Security disability cases and have handled thousands of such cases.  ECF No. 22-4 at 2-3.  In addition, counsel represented Mr. Ferrer over an extended period beginning in September of 2017, and there is no evidence that Plaintiff was dissatisfied with that representation.  ECF No. 22-2 at 4.  Also, it does not appear that the outcome of Plaintiff's case was certain to result in an award of benefits, as evidenced by ALJ Armstrong initially finding Plaintiff not disabled, and the Appeals Council subsequently denying a request for review.  ECF No. 22-4 at 1.  Considering the expertise and experience of Plaintiff's counsel, their years long client relationship devoid of any evidence of client dissatisfaction, and their efficient procurement of a positive result, counsel's hourly fee of $609.68 does not constitute a windfall.  Indeed, this rate is less than the $1,556.98 *de facto* hourly rate that the Second Circuit recently approved in *Fields*.  24 F.4th at 856.

Moreover, the additional reasonableness factors in *Gisbrecht* also weigh in favor of approving the requested fees.  The requested fee is not out of line with the "character of the representation and the results the representative achieved." *Fields*, 24 F. 4th at 853 (quoting *Gisbrecht*, 535 U.S at 808).  Counsel obtained positive results for their client, securing a remand by agreement from the Commissioner after bringing this action to challenge the denial of benefits.  ECF No. 23 at 2.  Upon remand, the ALJ found Plaintiff to be disabled since July 18,

2016, and entitled to receive benefits. *Id.* The Court finds this to be reasonable and within the contours of fees typically awarded. *Fields*, 24 F.4th at 856 (awarding attorney fees at an hourly rate of approximately $1,556.98).

In addition, Plaintiff's counsel did not cause any unreasonable delay in this action. Although Plaintiff's counsel did request a thirty-day extension to file their motion for judgment on the pleadings, this request was not unreasonable and, in any event, the parties stipulated to remand the case before the Court responded to the extension request.[3] ECF Nos. 16, 18. Plaintiff's counsel did not unreasonably delay the action, rather they resolved this matter efficiently by procuring a stipulation and foregoing the need for motion practice.

## CONCLUSION

For the reasons stated above, the motion for attorney's fees is GRANTED, and Plaintiff's counsel is awarded $12,559.50 in fees. Upon receipt of this award, Plaintiff's counsel shall promptly refund to Plaintiff $4,332.59, which represents the EAJA fees that counsel previously received. The Clerk of Court is respectfully requested to close out ECF No. 22.

DATED:     White Plains, New York
           February 8, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[3] Plaintiff requested this extension because of "the upcoming holidays and an unexpected increase in counsel's case load." ECF No. 16.